UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTINE MISERENDINO,

      Plaintiff,

v.

CHAMPION PAINTING SPECIALTY
SERVICES CORP., and CARLOS M.
HERNANDEZ

      Defendants.
_____/

## COMPLAINT

Plaintiff, CHRISTINE MISERENDINO, by and through undersigned counsel, sues the Defendants, CHAMPION PAINTING SPECIALTY SERVICES CORP., and CARLOS M. HERNANDEZ, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid overtime wages.

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of Palm Beach County Florida.

5. At all times material hereto, CHAMPION PAINTING SPECIALTY SERVICES CORP., was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto CHAMPION PAINTING SPECIALTY SERVICES CORP., had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, CHAMPION PAINTING SPECIALTY SERVICES CORP., upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, CARLOS M. HERNANDEZ was Plaintiff's employer as defined by law.

9. At all times material hereto, Plaintiff was individually engaged in commerce while working for Defendants.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

10. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 9 above.

11. Plaintiff worked for Defendants from approximately June 24, 2013 to March 30, 2016.

12. Since approximately October, 2014, Plaintiff worked for Defendants as a project coordinator.

13. Plaintiff's primary duties and responsibilities included submitted project related paperwork to the appropriate governmental entities, tracking the status of the project, communicating with the customer, and otherwise engaging in clerical tasks.

14. Plaintiff was paid at a rate of $15.00 per hour.

15. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

16. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

17. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

18. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT II: FLSA RECOVERY OF OVERTIME WAGES
## COLLECTIVE ACTION COUNT

19. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 9 above.

20. Plaintiff worked for Defendants from approximately June 24, 2013 to March 30, 2016.

21. Since approximately October, 2014, Plaintiff worked for Defendants as a project coordinator.

22. Plaintiff's primary duties and responsibilities included submitted project related paperwork to the appropriate governmental entities, tracking the status of the project, communicating with the customer, and otherwise engaging in clerical tasks.

23. Plaintiff was paid at a rate of $15.00 per hour.

24. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

25. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

26. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

27. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

28. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 29th day of September, 2016.

By: s/Michelle Cohen Levy
Michelle Cohen Levy, FBN 0068514
**The Law Office of Michelle Cohen Levy, P.A.**
633 SE Third Avenue, Suite 4F
Fort Lauderdale, Florida 33301
P: (954) 651-9196 | F: (954) 463-1245
Michelle@CohenLevyLegal.com
*Counsel for Plaintiff*